## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SANDY B. SOSNOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION, EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | CIVIL ACTION<br><br>COMPLAINT 1:20-cv-00866<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**NOW COMES** SANDY B. SOSNOWSKI ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NISSAN MOTOR ACCEPTANCE CORPORATION ("Nissan"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), TRANSUNION LLC ("TransUnion"), and EXPERIAN INFORMATION SOLUTIONS, INC. (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the District of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing the District of Colorado.

6. Nissan is an automobile financing corporation with its headquarters located in Irving, Texas.

7. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Colorado. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

8. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Colorado. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

9. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Colorado.

### FACTS SUPPORTING CAUSE OF ACTION

10. In 2017, Plaintiff financed a 2016 Nissan Altima through Nissan, incurring debt ("subject debt").

11. Subsequently, Plaintiff lost her job and was no longer able to make timely payments on the subject debt.

12. In May 2019, Nissan agreed that it would release Plaintiff from any outstanding amounts owed on the subject debt, stating "[Nissan]…releases [Plaintiff] from any liability for any amounts that may be owing to [Nissan] under the purchase contract number 36815341 for the purchase of a 2016 Nissan Altima, VIN IN4AL3AP16C252377."

13. Both Plaintiff and Nissan memorialized this agreement in writing.

14. In January 2020, Plaintiff was interested in improving her credit, so she accessed her consumer report, and much to Plaintiff's surprise, Equifax, TransUnion, and Experian were all continuing to report the subject debt with a balance and a past due, along with other derogatory information.

15. Plaintiff was perplexed by this reporting, as she and Nissan had explicitly agreed that the subject debt would be waived.

16. Consequently, on January 9, 2020, Plaintiff initiated written credit disputes with Equifax, TransUnion, and Experian. Specifically, Plaintiff informed Equifax, TransUnion and Experian that "Nissan Acceptance Co. should not be reporting negatively with regard to the balance, past due

amount, and remarks per an agreement reached between myself and Nissan Acceptance Co. Please verify all info with the Creditor and update my credit report."

17. Plaintiff sent these disputes certified mail, return receipt requested. Equifax received Plaintiff's dispute January 17, 2020, TransUnion received Plaintiff's dispute January 13, 2020, and Experian received Plaintiff's dispute January 15, 2020.

18. Upon information and belief, Nissan received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Equifax, TransUnion, and Experian. *See* 15 U.S. Code §1681i(a)(2).

19. Experian, TransUnion, and Equifax all failed to respond to Plaintiff's dispute letter.

20. Around March 4, 2020, Plaintiff incurred out of pocket costs by purchasing her TransUnion, Equifax, and Experian credit reports from Experian.

21. Much to Plaintiff's chagrin, Plaintiff found that all three credit reporting agency were continuing to inaccurately report the Nissan trade line.

22. Plaintiff's TransUnion report inaccurately showed the Balance as $15,830, a Past Due amount of $15,830, and the Payment Status as "Charged off as bad debt."

23. Plaintiff's Experian report inaccurately showed the Balance as $15,830, a Past Due amount of $15,830, and a Payment Status as "Charge-off."

24. Plaintiff's Equifax report inaccurately showed the Balance as $15,830, a Past Due amount of $15,830, and a Payment Status as "Charge-off."

25. The reporting of the Nissan trade line is patently inaccurate and materially misleading because pursuant to the written agreement entered into by Plaintiff and Nissan.

26. Despite having actual knowledge that Plaintiff had no obligation on the subject debt, Defendants continued to report the subject debt as charged off, with a Balance, and with a Past Due Amount.

27. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

28. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and is thus a high-risk consumer.

29. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

30. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of her credit reports through Experian, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

31. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Equifax, TransUnion, and Experian credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST NISSAN)

32. Plaintiff restates and reallages paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

34. Nissan is a "person" as defined by 15 U.S.C. §1681a(b).

35. Nissan is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

36. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

37. Nissan violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, TransUnion, Experian and Plaintiff.

38. Nissan violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, TransUnion, Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

39. Had Nissan reviewed the information provided by Equifax, TransUnion, Experian and Plaintiff, it would have corrected the inaccurate designation of the subject debt, and transmitted the correct information to TransUnion, Equifax and Experian. Instead, Nissan wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

40. Nissan violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax, TransUnion, and Experian.

41. Nissan violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax, TransUnion and Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

42. Nissan violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax, TransUnion and Experian credit files.

43. Nissan failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's

Equifax, TransUnion and Experian credit files within 30 days of receiving notice of the disputes from Equifax, TransUnion and Experian under 15 U.S.C. §1681i(a)(1).

44. Despite the blatantly obvious errors in Plaintiff's Equifax, TransUnion and Experian credit files, and Plaintiff's efforts to correct the errors, Nissan did not correct the errors or trade line to report accurately. Instead, Nissan wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

45. A reasonable investigation by Nissan would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax, TransUnion, and Experian credit files.

46. Had Nissan taken steps to investigate Plaintiff's valid disputes or Equifax's, TransUnion's, and Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

47. By deviating from the standards established by the debt collection industry and the FCRA, Nissan acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax, TransUnion and Experian.

**WHEREFORE**, Plaintiff, SANDY B. SOSNOWSKI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Nissan to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

48. Plaintiff restate and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

50. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

51. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

52. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

53. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

54. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

55. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

56. Plaintiff provided Equifax with all relevant information in her request for investigation to reflect that she is no longer liable for the subject debt.

57. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt with a Balance of $15,830, a Past Due Amount of $15,830, and also reporting Plaintiff's Payment Status as "Charged Off."

58. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

59. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

60. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Nissan. Upon information and belief, Equifax also failed to include all relevant

9

information as part of the notice to Nissan regarding Plaintiff's dispute that Equifax received from Plaintiff.

61. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

62. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

63. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Nissan that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

64. Equifax knew that the inaccurate reporting of the subject debt in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

65. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

66. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

67. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

68. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

69. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

70. Equifax acted reprehensively and carelessly by reporting and re-reporting the subject debt after Plaintiff put Equifax on notice.

71. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

72. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, SANDY B. SOSNOWSKI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

73. Plaintiff restates and realleges paragraphs 1 through 72 as though fully set forth herein.

74. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

75. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

76. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

77. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

78. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

79. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

80. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

81. Plaintiff provided TransUnion with all relevant information in her request for investigation to reflect that she had no obligation on the subject debt.

82. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting a Balance of $15,830, a Past Due Amount of $15,830, and also reporting the Payment Status as "Charged off as bad debt."

83. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

84. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

85. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Nissan. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to Nissan regarding Plaintiff's dispute that TransUnion received from Plaintiff.

86. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

87. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

88. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Nissan that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

89. TransUnion knew that the inaccurate reporting of the subject debt would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

90. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

91. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

92. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

93. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

94. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

95. TransUnion acted reprehensively and carelessly by reporting and re-reporting the subject debt after Plaintiff put TransUnion on notice.

96. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

97. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff, SANDY B. SOSNOWSKI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

98. Plaintiff restate and realleges paragraphs 1 through 97 as though fully set forth herein.

99. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

100. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

101. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

102. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

103. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

104. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

105. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

106. Plaintiff provided Experian with all relevant information in her request for investigation to reflect that she had no obligation on the subject debt.

107. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt with a Balance of $15,830, a Past Due Amount of $15,830, and also reporting the Payment Status as "charge-off."

108. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

109. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

110. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Nissan. Upon information and belief, Experian also failed to include all relevant

information as part of the notice to Nissan regarding Plaintiff's dispute that Experian received from Plaintiff.

111. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

112. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

113. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Nissan that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

114. Experian knew that the inaccurate reporting of the subject debt would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

115. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

116. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

117. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

118. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

119. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

120. Experian acted reprehensively and carelessly by reporting and re-reporting the subject debt after Plaintiff put Experian on notice.

121. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

122. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, SANDY B. SOSNOWSKI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: March 30, 2020                                       Respectfully submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com